THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD L. CLANCY, Appellant.

County Court, Schenectady County, June 12, 1952.

*Joseph Cafarella* for appellant.

*Emmet J. Lynch, District Attorney (George W. Stroebel, Jr.,* of counsel), for respondent.

LIDDLE, J. The defendant, upon an information charging him with a violation of subdivision 1 of section 244 of the Penal Law, was arrested and on December 13, 1951, he was arraigned before Honorable MORRIS MARSHALL COHN, Police Justice of the City of Schenectady. Upon this arraignment the defendant appeared in person, together with his attorney, Joseph Cafarella. The information was read to the defendant in his presence and in the presence of his counsel. The defendant plead not guilty and trial date was fixed on December 21, 1951.

Police Justice COHN filed a certificate of disqualification, whereupon Honorable CHATFIELD T. BATES, City Judge of the City of Schenectady, as the statute requires, became Acting Police Justice in all further proceedings.

On January 23, 1952, another information was filed against the same defendant, purporting to amend the facts as alleged in the first information and instead of charging a violation of subdivision 1 of section 244, charged the defendant with a violation of subdivision 2 of section 244 of the Penal Law. The element of operating a motor vehicle in a culpably negligent manner was omitted in the first information but included in the second or amended information.

From the record it appears that the second or amended information was filed with the clerk of the Police Court on the day previous to the actual trial date.

On February 6, 1952, the date of the trial, the complainant, Evelyn Clancy, wife of the defendant, appeared in person and by her attorney, Raymond Bonk. The defendant Edward L. Clancy appeared in person, together with his attorney, Joseph Cafarella, and the following preliminary proceeding occurred. This court quotes from the record of proceeding: " By Judge Bates: The Defendant's *attorney* knows the charge against his client, I take it. By Mr. Cafarella: Yes. By Judge Bates: Are you ready for trial? By Mr. Cafarella: Yes."

The trial then proceeded. This appellate court has carefully examined the testimony taken and by reason of its conclusion makes no comment as to its opinion as to the guilt or innocence of the defendant.

At the conclusion of the testimony, the following incidents of the trial appear from the record: " By Mr. Cafarella: Your Honor, as I understand it, the defendant was arraigned and

pleaded to an information alleging a violation of Section 244, Subdivision 1 of the Penal Law. By the Court: Subdivision two. By Mr. Cafarella: No, it was Subdivision one when he pleaded. By the Court: We have an information here under subdivision two and that is the information and charge upon which the trial was had. By Mr. Cafarella: Therefore, I move we dismiss the proceeding. There is an invalidity. Defendant was arraigned under subdivision one, which we have a copy of. By the Court: I have the original here. By Mr. Cafarella: That is an amended information which we have no record of.'' The court then announced that a subsequent information under subdivision 2 of section 244 had been filed.

Defense counsel then moved the court to dismiss both informations and for a discharge of the defendant. Nowhere from the record of proceedings does it appear that the *defendant* had heard read the second or alleged amended information.

Because of this condition of the record and the arguments upon appeal and the elaborate briefs submitted upon this appeal, the court has taken the time and space to quote as set forth the essential testimony affecting this appeal.

Defense counsel argues that the defendant was not arraigned on the second or alleged amended information as the statute provides, pursuant to subdivision 3 of section 699 of the Code of Criminal Procedure; that the defendant was not advised accordingly of one of the essential elements of the crime charged in the subsequent or amended information, namely, the element of driving a motor vehicle in a culpably negligent manner; that the subsequent or alleged amended information was not read to the defendant as the statute requires and accordingly the defendant was prejudiced thereby and the defendant's substantial rights were invaded.

The District Attorney appeared in opposition thereto and maintains with equal zeal that the omission of the arraignment and the reading of the subsequent or amended information was merely an informality, if any, or an oversight which did not invalidate the proceeding and trial and did not violate the substantial rights of the defendant and therefore the judgment of the trial court should be sustained. There is a marked distinction between proceedings upon arraignment in courts of record and in courts of special session.

Section 309 of the Code of Criminal Procedure, affecting courts of record, provides that upon arraignment a defendant must be advised of the charge by the clerk of the court or by the District Attorney under the direction of the court and

consists of stating the charge of such indictment to the defendant and asking him whether the defendant pleads guilty or not and if the defendant demands it, the indictment must be read or a copy thereof furnished to the defendant before requiring him to plead.

Section 699 of the Code of Criminal Procedure, and especially subdivision 3, requires and mandates in all courts of special session, which include the Police Court of the City of Schenectady, to *distinctly read to the defendant* the information charging that defendant with the crime charged, as follows: "If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if defendant do not require counsel, then immediately the charge against the defendant must be *distinctly read to him,* and he must be required to plead thereto, except as otherwise provided by law in relation to violations of traffic laws, ordinances, rules and regulations."

Any other interpretation either affecting the original so-called information or an amended information would be a distinct violation of the substantial rights of a defendant. This is especially required in our courts of special session where a greater number of those charged with crime daily appear. Also, where such citizens become acquainted with the administration of our criminal law and criminal procedure.

Counsel for the District Attorney argues further that by reason of the arraignment on the first or original information, it would be surplusage for the reading of the second or alleged amended information. Such argument cannot be sustained for the reason that one of the essential elements as omitted in the first information was alleged in the second information and the sentencing Judge might well have the right in passing judgment and sentence, to take into consideration such additional element of the crime of assault in the third degree.

Abbott's Brief for Trial of Criminal Cases (3d ed., p. 40) states that where a defective information was amended curing the alleged defects, it is error to require counsel to immediately proceed to trial without arraignment and a plea to such amended information. (See, also, *McKay* v. *Nebraska,* 91 Neb. 281.)

Further, Justice ABRAHAM L. KELLOGG, a former Supreme Court Justice and when County Judge of the County of Otsego, State of New York, in a carefully prepared and lengthy opinion upon this subject, held that courts of special session or police courts having jurisdiction when a defendant is brought before a magistrate, that the charge against him *must be distinctly*

*read to him* and he must be required to plead thereto and further held that that is one right of a defendant in courts of special session that cannot be waived. (*People ex rel. Hall* v. *Munson,* 83 Misc. 308.)

This court is therefore of the opinion that the substantial rights of the defendant were invaded and prejudiced. Judgment of conviction reversed and new trial granted. Submit order.