[Crim. Nos. 4999, 5088.  Second Dist., Div. Three.  Oct. 28, 1953.]

THE PEOPLE, Respondent, v. CHARLES WEAVER HUDSON, Appellant.

Lawrence F. Girolami for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Charles Weaver Hudson was charged by information with the crime of armed robbery, and it was alleged that he had suffered three prior convictions of offenses that were felonies in the states where they were committed. Upon the trial, in which he represented himself, he admitted to the court, out of the hearing of the jury, commission of the prior offenses and that he had served a term of imprisonment in the state prison for such offenses. His trial was to a jury; he was found guilty of armed robbery. He appeals from the judgment.

The sole ground of appeal from the judgment is predicated upon a statement in the clerk's minutes when the cause was called for trial, namely, "The information is read and plea is stated." Appellant cites cases in which it was held error for the clerk to read to the jury allegations of former convictions contained in the information. He assumes that in the instant case the clerk read the allegations that he had previously been convicted of three felonies. This is to assume that the information was read in a manner forbidden by section 1093 of the Penal Code. The section reads: ". . . 1. If the indictment or information be for a felony, the clerk must read it, and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction. In all other cases this formality may be dispensed with." Section 1025, Penal Code, contains similar language.

The reporter's transcript shows the following: "The Court: The Clerk will read the Information. The Clerk: (Reading Information) To which the defendant, ladies and gentlemen, has pleaded not guilty and is now before you for trial." There is nothing in the record before us to show that the clerk read the allegations with respect to the prior convictions, unless the entries in the clerk's minutes and the excerpt from the reporter's transcript be taken to mean that the clerk omitted nothing in reading the information.

This is as clear a case as could be found for application of the presumption stated in section 1963, subdivision 15, Code of Civil Procedure, "that official duty has been regularly

performed," and the rule that error will not be presumed, but must be shown affirmatively. It must be presumed that the clerk performed his duty and read the information in the manner required by law. Although this presumption is decisive of the point, we feel assured that the learned trial judge would never have permitted the trial to proceed had the clerk committed the grievous error in question.

There is a second appeal in the case. After appellant's brief was filed the People suggested augmentation of the record on appeal by including a supplemental reporter's transcript and a correction of the clerk's minutes, ordered by the trial court, and an affidavit of the court reporter, showing that in reading the information the clerk omitted the allegations of the former convictions.

The defendant has appealed from the order correcting the clerk's minutes, and the People have moved to dismiss this appeal upon the ground that the order is nonappealable.

The two appeals have been ordered consolidated for disposition by a single opinion and order.

The motion to augment the record is denied.

The appeal from the order correcting the record is dismissed upon the ground that denial of the motion to augment has rendered moot any question as to the correctness of the order correcting the record and the right of defendant to appeal therefrom.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.