[Crim. No. 5305.   Second Dist., Div. Three.   July 19, 1955.]

THE PEOPLE, Respondent, v. HOWARD S. ROBINSON, Appellant.

Howard S. Robinson, in pro. per., Caryl Warner, Warner & Jackson and Arthur Meifert, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant Howard S. Robinson was charged by information with two counts of robbery, and it was alleged that he had suffered three prior convictions of felony. Count I charged the robbery of one Zouhire. Count II charged robbery of one John R. Campbell and that at the time of the robbery defendant was armed with a deadly weapon. After a jury trial the defendant was convicted of Count II of the information and Count I was dismissed by the court. The judgment of conviction on Count II was subsequently reversed by the Supreme Court. (*People* v. *Robinson,* 42 Cal.2d 741 [269 P.2d 6].) The case was reset for trial and the jury returned a verdict finding defendant guilty of ''robbery, a felony, as charged in the information,'' that it was of the first degree, and that defendant was armed at the time of the offense. The court entered a judgment on the verdict stating that defendant had been found guilty of Count II of the information, Count I having been dismissed. Defendant was duly sentenced. Defendant's motion for a new trial was denied and he appeals from the judgment of conviction and order denying the motion for a new trial.

The principal evidence was that of John R. Campbell, a newspaper vendor, who identified defendant as one of the two men who beat him and robbed him of approximately $23.80. An eyewitness observed the robbery and noted the license number of the car in which the defendant and another man fled. A short time later defendant was arrested nearby, sitting in this car. Defendant's fingerprints were taken from the steering wheel of the car and from a wine bottle in the car and were introduced in evidence. Campbell's wallet was found in the car. Appellant's defense was that he was leaving a restaurant on his way to work when arrested, that he had not previously seen nor driven the car in question, that he had been forced to get into it by an officer, and that he had not seen Mr. Campbell before.

Appellant contends that the evidence was insufficient to support the verdict. He argues that it was just as reasonable for the jury to conclude that he was innocent as that he

was guilty, and that where two inferences may be drawn from the evidence, one of guilt and one of innocence, the court should have given him the benefit of the inference of innocence. This contention is untenable. It is based to a large degree on the statement of the Supreme Court in the original appeal that "The evidence was sufficient to support either a conviction or an acquittal . . . on either or both counts." (*People* v. *Robinson, supra,* 42 Cal.2d 741, 742.) In such a situation the finding of the jury is conclusive. ▮ The rule is correctly stated in *People* v. *Newland,* 15 Cal.2d 678, 683 [104 P.2d 778], where the court quoting *People* v. *Martinez,* 20 Cal. App. 343 [128 P. 952], stated that " 'Where the circumstances are such as to reasonably justify an inference of guilt, as found by the jury, the fact that an inference of innocence might likewise be reasonably drawn therefrom does not present a question of law for review by an appellate court any more than does a verdict based upon direct conflicting evidence; in neither case will the verdict be disturbed.' " The fact that the evidence was capable of two inferences as contended here does not warrant a reversal. (*People* v. *Crawford,* 41 Cal.App.2d 198, 205 [106 P.2d 219]; *People* v. *Stanhope,* 37 Cal.App.2d 631, 634, 635 [99 P.2d 1075].) Here it cannot be said that the evidence was insufficient to support a verdict of guilty.

▮ Appellant next urges that the verdict was not responsive to the charge, requiring a reversal. The jury returned a verdict of "guilty of robbery, a felony as charged in the information," without specifying upon which count. The verdict was not defective. All the evidence offered at the second trial related to the offense charged in Count II of the information, i. e., robbery of John R. Campbell. The exhibits offered in evidence related to this charge. No evidence was offered tending to prove that defendant perpetrated the robbery of Abe Zouhire, originally charged in Count I.

The clerk's minutes show that the information was read, exclusive of the allegations of the former convictions. ▮ It was the duty of the clerk to omit reading the charge set forth in Count I which had been dismissed. The dismissal had the effect of striking out that count and the information would then consist of Count II alone. ▮ It must be presumed that the clerk performed his duty and read only Count II. (Code Civ. Proc., § 1963, subd. 15; *People* v. *Hudson,* 120 Cal.App.2d 870 [262 P.2d 23].) ▮ The verdict finding defendant guilty as charged in the information was not irregu-

lar. It was responsive to the only issue that was tried and, presumably, the only one of which the jury had knowledge.

The judgment and the order denying a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1955.