William W. Serra, J.
On the 20th of November, 1964 an information was laid before the Court of Special Sessions of the Town of Alfred, New York, by R. K. Meacham, a village police officer, charging the defendant with issuing a fraudulent check in violation of section 1292-a of the Penal Law of the State of New York on the 20th day of November, 1964. On that date a warrant was issued, the defendant was brought into court, the charge was read to him, he pleaded not guilty, demanded a jury trial and ultimately on January 14, 1965, a trial was had of the issues before a jury. In the course of the trial it appeared on cross-examination of Mr. Meacham, that on the morning of the trial, Mr. Meacham altered the information by erasing the alleged date of the commission of crime and by changing it to *1040 the 8th day of November. The defendant had been arraigned on the original information, his counsel was furnished with a copy of it and trial defense was prepared on the basis of it. The record is clear that the defendant was not rearraigned, that the information was not amended by the court and that he did not plead to the altered information. Subdivision 3 of section 699 of the Code of Criminal Procedure in relation to Courts of Special Sessions reads in part as follows: ‘ ‘ the charge against the defendant must be distinctly read to him, and he must be required to plead thereto ”. The defendant throughout the trial repeatedly objected to proceeding further under this indictment. Under the provisions of section 293 of the Code of Criminal Procedure, if an amendment is made, “ in respect to time, or in the name or description of any place, person or thing ” and, if in addition, the defendant’s rights are not prejudiced, then the indictment (or information in this case, see Code Crim. Pro., § 62) may be amended “ on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable ”. It has been held in People v. Clancy (203 Misc. 82) that this requirement of section 699 of the Code of Criminal Procedure as to Courts of Special Sessions is mandatory. See, also, People ex rel. Hall v. Munson (83 Misc. 308) in which it is further held that this is one right of a defendant which cannot be waived.
It further appears that various instruments, including bank records, a letter of one, C. C. Post, a witness, and the cancelled check were offered in evidence. The record does not show to what extent, if any, any of these records were admitted in evidence, whether they were admitted in part, or in their entirety, or whether in fact they were received in evidence at all. It does appear, however, from the affidavit of appeal which is not denied by the Justice in his return, or by the Assistant District Attorney on argument of the appeal, that all of these exhibits were submitted to the jury during their deliberations in violation of section 425 of the Code of Criminal Procedure which provides that the court, in the exercise of reasonable discretion, may permit the jury upon retiring for deliberation, to take with them any exhibits which have been received in evidence on the cause, after giving counsel an opportunity to be heard.
A further argument was presented by defense counsel for the first time when the appeal was heard before this court to the effect that the information is jurisdictionally defective, being made solely upon information and belief, and because the deposition attached thereto was not sworn to by the complaining witness, Mr. Post, before the court, but only before a notary *1041 public. The authority for this objection is cited by counsel, as being section 148 of the Code of Criminal Procedure. The court is aware of the decisions, People v. Bresee (37 Misc 2d 516); People v. Treman (28 Misc 2d 379) and cases discussed and cited therein at length. However, this matter is not properly before this court for the purposes of this appeal. It is a jurisdictional irregularity only, waived by the defendant as far as this appeal is concerned, since the objection has not been made to the trial court or cited in the affidavit of errors. (People v. Sevents, 37 Misc 2d 382.)
All rights are reserved upon the return of this proceeding to the Court of Special Sessions, to the District Attorney to move to amend, modify, correct or dismiss the original information; to the defendant to move against the information as being jurisdictionally deficient, before or after any modification or amendment, as the case may be, should the same be moved by the District Attorney, and to take such further proceedings, applications or motions, with reference to the information upon its return to the Court of Special Sessions, as might have been taken in the first instance, it being determined hereby only, that the trial upon the altered information is a nullity and that all proceedings therein are void as a matter of law. Other objections raised by the appeal are deemed not necessary for decision in view of the findings herein.
By reason of the foregoing, it is hereby determined upon the law, that the verdict and judgment should be set aside, the fine returned to the defendant, and this action returned to the Court of Special Sessions for such further proceedings as may be deemed proper under the Code of Criminal Procedure.