Edward T. Sullivan, J.
On June 8, 1965, appellant was tried and convicted of violation of Ordinance 306 of the Ordinances of the City of Saratoga Springs, Saratoga County and State of New York, in the City Court of the City of Saratoga Springs, Saratoga County, New York (Honorable LeBoy T. Walbridge, J.), and was fined $15, which appellant paid.
Appellant appealed this conviction timely to the Saratoga County Court in the appellate capacity and in his affidavit of errors, counsel for the defendant alleges 13 separate grounds for reversal of conviction. After examining the return on appeal of the Trial Justice, which includes a thermofax copy of the uniform traffic summons (complaint side only), dated and sworn to on April 1,1965; thermofax copy of the bill of particulars, the original of which, was sworn to by the arresting officer, Paul H. Gassier, with jurat dated May 7, 1965; copy of criminal *144 docket entries of the court, certified by Ann J. Armstrong, Clerk of the City Court of Saratoga Springs, N. Y., on June 21, 1965; and copy of the transcript of the trial proceeding and testimony thereat on June 8, 1965, also certified by the court clerk; this court does not find it necessary to consider all of the alleged errors contained in the affidavit filed on behalf of appellant.
City Police Officer Gassier aforesaid, Shield No. 39, with another officer in a police car answered a radio call to the corner of Grand Avenue and Birch Street in said city and arrived there some time after a collision of two motor vehicles within said intersection. Appellant was operator of one of the vehicles involved and was apprehended by issuance to and service upon him of a uniform traffic summons, which was filed in court. The complaint thereon, verified April 1, 1965, charged him with violation of Ordinance 492 of City Ordinances at 12:10 on April 1,1965 at Grand Avenue and Birch Street of “ Disobeyed Traffic Control Device, Stop Sign ” (box checked).
At the adjourned hearing on May 7,1965, appellant demanded a bill of particulars, which was filed and a copy served on May 17, 1965. The bill of particulars is substantially the same as stated above, but fixes the time as 11:45 a.m., and sets forth the physical facts and admission upon which the complainant, Officer Gassier, based the charge of violating section 492 of General City Ordinance.
On the day of the trial, after defense counsel answered, “ Ready for the defendant ”, Officer Gassier who prosecuted the trial for the People moved “ that the charge of 492 be amended to Section 306 of the General City Ordinance ”. After examining a copy of section 306, defense counsel objected to an amendment of the information to Ordinance 306 on the ground it was too late to amend and that it could have been done long prior to the trial day. The prosecutor stated he was “ prepared to submit a new information pursuant to Section 306 ”. The trial court examined it, classified it as a bill of particulars, and asked if the only change was the Ordinance number. The prosecuting officer answered, “That is the only change.” Over objection of defense counsel, the court granted the motion and amended the complaint from a violation of 492 of the City Ordinance to 306 of the City Ordinance, ruling that it was a change only of an ordinance number and did not change the fact that it was a stop sign violation. The trial court then stated it would grant an adjournment if defense counsel made a statement which convinced the court that the defendant was prejudiced by the amendment. Defense counsel replied that he did not want an *145 adjournment and noted Ms exception on the record to the ruling.
The amendment of the complaint was followed by a defense motion for dismissal of the amended information on the ground that Ordinance 306 did not comply with the requirements of the former VeMcle and Traffic Law of the State of New York in effect at the time 306 was adopted. The court reviewed subdivision 2 of section 90 of the former Vehicle and Traffic Law and denied the motion. Both sides waived opening statements and the case proceeded to trial with the presentation of formal testimony and other evidence on to the findings and decision of the court convicting the appellant. The amended complaint was not read to the appellant, he was not arraigned thereunder, nor did he enter a plea thereunder.
The offer of the Trial Judge to grant an adjournment if he was convinced that appellant had been prejudiced by the amendment was insufficient. Apparently the offer was in keeping with the spirit of section 293 of the Code of Criminal Procedure, which by section 62 of the same code applies to informations in Courts of Special Sessions and which permits an amendment of an indictment after proof ‘ in respect to time, or in the name or description of any place, person or thing,” and if in addition the defendant’s rights on the merits are not prejudiced. It goes on to provide that such amendment shall be “on such terms as to the postponement of the trial, to be had before the same or another jury, as the court may deem reasonable ”. Such is not true in this case on appeal. It is not a change of time, place, description or person. The amendment was not merely a change of ordinance number. It changed the very local legislative enactment which appellant had been charged with violating. Appellant came to court on the trial day prepared to defend himself under one stop sign ordinance and went through a complete trial on an amended charge, that of violating another stop sign ordinance.
The motive of the prosecutor in seeking the amendment can be inferred from a reading of Ordinance No. 306, adopted December 29, 1950 and the subsequent amendments thereof, all of which include Grand Avenue as a designated through street. Ordinance No. 492 is a new ordinance and does not refer to any preceding ordinances nor does it recite that it is an amending ordinance. It does include many of the streets designated as through streets in Ordinance No. 306 and the amendments thereof but it does not include Grand Avenue. A defense under Ordinance No. 492, which did not designate Grand Avenue as a through street in favor of which cross street traffic could be *146 required to stop before entering, would be in substantial variance of the defense under Ordinance No. 306 which did designate Grand Avenue.
By the above-mentioned section 62 of the Code of Criminal Procedure the Judge of the City Court of Saratoga Springs must hold the Court of Special Sessions. As such, the City Court was controlled by subdivision 3 (see, now, subd. 2) of section 699 of the Code of Criminal Procedure, then in effect at the time of the trial, which read in part as follows: ‘ ‘ Then immediately the charge against the defendant must be distinctly read to him, and he must be required to plead thereto ”. In People v. Trety (45 Misc 2d 1039) the court held that the trial upon an information which was altered some time subsequent to the original arraignment without rearraigning defendant or having him plead to the altered information is a nullity and that all proceedings therein are void as a matter of law. Several decisions have held that the provisions of subdivision 3 of section 699 of the Code of Criminal Procedure are mandatory in Courts of Special Sessions. In addition to People v. Trety (supra), People v. Clancy (203 Misc. 82) held that upon the amendment of an information the defendant is entitled to have the amended information “ distinctly read to ” him (emphasis added), to be rearraigned and to be required to plead thereto. Therein the court further held that the failure to comply Avith these mandatory provisions AAras an mvasion of the substantial rights of the defendant and Avas prejudicial to the defendant.
Further, it has been long held since People ex rel. Hall v. Mionson (83 Misc. 308 [1913]) not only that these provisions of the code are mandatory but that this is one right of a defendant in Courts of Special Sessions that cannot be waived.
Other claims of error raised by appellant in this appeal and objections enumerated in his affidavit of errors are deemed unnecessary for this decision and therefore are not considered nor passed upon.
For the reason that appellant herein Avas deprived of statutory due process of Iuav as to the amended complaint or information in specific omission of the mandatory provisions of subdivision 3 of section 699 of the Code of Criminal Procedure, resulting in his conviction after a full trial on a charge of a criminal nature for which he had not been arraigned, as a matter of laAV the conviction cannot stand.
The conviction is reversed, the fine shall be returned to the defendant, the record of such conviction, if any, is expunged from his records in the Department of Motor Vehicles of the State of New York and the complaint or information is dismissed.