George D. Ogden, J.
By information sworn to November 29, 1970, defendant was accused of the violation of disorderly conduct, in violation of section 240.20 (subds. 1, 3) of the Penal Law of the State of New York, committed on November 29,1970. The information was never amended and on April 26 and 27, 1971, defendant was tried before a Judge, without a jury. On August 18, 1971 defendant was acquitted of the charge of disorderly conduct and found guilty of the violation of harassment, in violation of section 240.25 (subd. 2) of the Penal Law of the State of New York. On August 26, 1971, judgment was entered.
Section 699 of the Code of Criminal Procedure (in effect at the time of defendant’s arrest and trial) provides that in cases in which the Courts of Special Sessions or Police Courts have jurisdiction, at the time the defendant is first brought before the Magistrate, the Magistrate must inform him of the charge against him and — after the appearance of counsel — must “ distinctly read to the defendant the charge against him ”. Defendant was never accused of ‘1 Harassment ’ ’ nor could such a charge have been read to him; he was tried for the violation of disorderly conduct and was not tried or accused of the violation of harassment.
I do not consider whether harassment is a lesser included offense of the violation of disorderly conduct or whether the evidence was sufficient to support the conviction. In People v. Todaro (26 N Y 2d 325) defendant was charged with disorderly conduct and harassment, and the court affirmed the conviction of disorderly conduct. In many other cases where the defendant was found guilty, after trial, of an offense or violation after *847 having been charged only with a misdemeanor, the conviction was set aside (e.g., People v. Smith, 15 A D 2d 934; People v. Soman, 53 Misc 2d 452). In People v. Clancy (203 Misc. 82) defendant’s conviction was reversed where the information against defendant was read to him and thereafter was changed without the rereading of the corrected information to defendant.
That a defendant could not be convicted after trial of one violation when he is charged in an information with the commission of another seems to find support in the Criminal Procedure Law, which became effective September 1, 1971. Section 350.10 (subd. 6) of this law — referring to conduct of a single-Judge trial — reads as follows: “In rendering a verdict of guilty upon a count charging a misdemeanor, the court may find the defendant guilty of such misdemeanor if it is established by legally sufficient trial evidence, or guilty of any lesser included offense which is established by legally sufficient trial evidence (Italics supplied.)
In this case defendant was charged with one violation and convicted of another without the information against him having been corrected or reread to him. This constituted error prejudicial to defendant and requires a reversal of the judgment of conviction.
Judgment of conviction reversed and information dismissed.