Filed 1/6/25  P. v. Blancas-Morales CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO BLANCAS-MORALES,<br><br>Defendant and Appellant. | F087139<br><br>(Super. Ct. No. 17CR-02473C)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Merced County. Steven K. Slocum, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, John W. Powell and Julie A. Hokans, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Detjen, J. and Smith, J.

# INTRODUCTION

In October 2018, defendant Roberto Blancas-Morales pleaded no contest to two counts in a complaint that had been amended to attempted murder and, as to the first count, admitted that he personally and intentionally discharged a firearm and, as to the second count, admitted that the offense was committed for the benefit of a criminal street gang. The trial court sentenced defendant to a term of 32 years and eight months in prison.

In June 2023, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. The superior court dismissed the petition at the prima facie stage, without an evidentiary hearing, after it accepted the prosecutor's argument that defendant did not qualify for relief because, while defendant agreed to plead no contest to the amended attempted murder charges, the original complaint upon which defendant would have proceeded to trial did not include charges of attempted murder and, therefore, defendant did not accept "a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder" (§ 1172.6, subd. (a)(2)). Defendant argues that the trial court erred in failing to consider the amended complaint when it determined he was ineligible for resentencing relief, and the People concede that the trial court erred.

We accept the People's concession and reverse.

## PROCEDURAL AND FACTUAL HISTORY[2]

The District Attorney of Merced County filed a complaint on May 12, 2017, charging defendant and several other individuals with various offenses and enhancements including, as to defendant, unlawful possession of a firearm (§ 29815, subd. (a); count 2), criminal threats (§ 422, subd. (a); count 3), assault with a semiautomatic firearm (§§ 245,

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a statement of facts since our review is limited to the court's record in determining whether defendant has shown a prima facie case that he is entitled to relief.

subd. (b), 12022.5, subds. (a), (d); count 4),[3] shooting at an inhabited dwelling (§ 246; count 6), and unlawful sale of firearms without a license (§ 26500; count 7). The complaint additionally alleged that all counts were committed for the benefit of a criminal street gang (§ 186.22); personal use of a firearm (§ 12022.5) and personal infliction of great bodily injury (§ 12022.7, subd. (a)) as to count 4; defendant had a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)) as to counts 4 and 6; and that a principal personally and intentionally discharged a firearm causing great bodily harm or death (§ 12022.53, subds. (d), (e)(1)), discharged a firearm (§ 12022.53, subds. (c), (e)(1)), and used a firearm (§12022.53, subds. (b), (e)) as to count 6.

On October 22, 2018, the trial court granted the prosecution's motion to amend the complaint as to counts 4 and 6 to attempted murder in violation of sections 664 and 187. In addition, count 4 was amended to allege that defendant personally discharged a firearm causing great bodily harm or death (§ 12022.53, subd. (c)) and count 6 was amended to allege the attempted murder was committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). Defendant agreed to plead no contest to counts 4 and 6, as well as to admit the amended enhancements, with the understanding that he would receive a sentence of 27 years as to count 4 and a consecutive term of five years and eight months as to count 6. The trial court sentenced defendant to the agreed-upon term of 32 years and eight months as to both counts.

On June 9, 2023, defendant filed a petition for resentencing pursuant to section 1172.6, alleging that he accepted a plea offer in lieu of a trial in which he could not have been convicted of attempted murder because of changes made to sections 188 and 189 and requesting counsel be appointed for him. The trial court appointed counsel

---

[3]     The complaint alleged that defendant committed the assault with Joaquin Flores and Robert James Guthrie.

for defendant as requested. The prosecutor opposed defendant's petition and argued that because the two attempted murder charges had been added to the original complaint only as part of defendant's plea agreement, defendant could not have been convicted of attempted murder under a natural and probable consequences theory because he would have proceeded to trial on the original complaint, which did not charge attempted murder. At the November 2, 2023 hearing on defendant's petition, the trial court found the prosecutor's argument persuasive and concluded that defendant could not have been convicted of attempted murder had he proceeded to trial. Therefore, defendant failed to make a prima facie showing that he was entitled to relief, and the court denied defendant's petition.

On November 7, 2023, defendant filed a timely notice of appeal.

## DISCUSSION

### I. *Applicable Law and Standard of Review*

#### A. **Murder/Attempted Murder**

Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); accord, *People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) "Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' " (*Curiel*, at p. 448, quoting Stats. 2018, ch. 1015, § 1(g).)

As to the natural and probable consequences doctrine, Senate Bill 1437 amended section 188 by requiring that a principal in a crime act with malice aforethought before

4.

they may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Curiel, supra*, 15 Cal.5th at p. 449.)  "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine."  (*Curiel*, at p. 449.)  In Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, the Legislature amended the language of former section 1170.95 (now § 1172.6) to expand the scope of the petitioning procedure to defendants convicted of attempted murder or manslaughter under a now prohibited theory.

### B.     Applicable Law Regarding Section 1172.6

Senate Bill 1437 also enacted former section 1170.95, which created a procedure for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief.  (*Curiel, supra*, 15 Cal.5th at p. 449.)  In 2021, the Legislature amended the statute to expand the offenders eligible for resentencing to those who were convicted under any other theory where malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter.  (Stats. 2021, ch. 551, § 1.)  The Legislature also amended section 1172.6 to codify the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961–970 (*Lewis*) as to a defendant's right to counsel and the standard for determining the existence of a prima facie case, and clarified the procedure and burden of proof at the evidentiary stage of the proceedings.  (Stats. 2021, ch. 551, § 1(b).)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the court must determine whether the petitioner has made a prima facie showing that they are entitled to relief.  (§ 1172.6, subds. (a)–(c); accord, *Curiel, supra*, 15 Cal.5th at p. 450.)  Our Supreme Court recently explained that a petitioner's allegation that they could not currently be convicted of a homicide offense due to the 2019 changes to section 188 or 189 "puts at issue all elements of the offense under a valid theory."  (*Curiel*, at p. 462.)  Therefore, a petitioner's allegation is not refuted "unless the record conclusively establishes every element of the offense."  (*Id*. at

p. 463.)  When deciding whether a petitioner has established a prima facie case of eligibility, the court may rely on the record of conviction but "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Curiel, supra*, 15 Cal.5th at p. 450.)  If the trial court determines the petitioner has met their prima facie burden, the court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1); accord, *Curiel*, at p. 450.)

### C. Standard of Review

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [dismissal at the prima facie stage " ' "is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law,' " ' " which " ' "is a purely legal conclusion … we review de novo" ' "].)

## II. Analysis

The prima facie inquiry is limited, and the bar for satisfying this requirement is " 'very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)  Factual allegations in the petition are taken as true, and the court is prohibited from engaging in factfinding at this preliminary stage.  (*People v. Aleo* (2021) 64 Cal.App.5th 865, 871–872.)  However, facts set forth by the petitioner must be sufficient to satisfy the statutory conditions for relief.  Thus, as applied here, section 1172.6, subdivision (a) requires defendant to allege facts to show that:  (1) the operative charging document allowed the prosecution to proceed under a theory of attempted murder under a natural and probable consequences theory; (2) defendant accepted a plea offer in lieu of a trial at which he could have been

6.

convicted of attempted murder; and (3) he cannot presently be convicted of attempted murder "because of" changes to section 188 or 189 made effective in 2019.

Defendant contends that the trial court erred by relying on the 2017 criminal complaint to determine his ineligibility for relief and specifically argues that the operative charging document is the complaint as amended in October 2018. The People agree. We agree with the parties and find that the trial court erred in relying on the original complaint in assessing defendant's eligibility pursuant to section 1172.6.

Even accepting that the complaint was amended in connection with the negotiated plea agreement, the amended complaint remains the operative charging document for purposes of resolving the section 1172.6 petition. "An amended accusatory pleading ... supersedes the original pleading, which has no further effect." (*Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 647; see also *People v. Scott* (2013) 221 Cal.App.4th 525, 533 ["when a pleading is amended, the original pleading is thereby set aside and abandoned"]; *People v. Mack* (1961) 197 Cal.App.2d 574, 578 [" ' "an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading" ' "]; 4 Witkin, Cal. Criminal Law (2023 supp.) Pretrial Proceedings, § 243, par. (6).) Here, the 2017 complaint was amended to add two charges of attempted murder. At that point, the amended complaint was the operative pleading, and it included the attempted murder charges. Defendant pleaded no contest to the amended complaint on the date scheduled for the preliminary hearing, which did not take place in light of the parties' negotiated plea agreement. Even if defendant had withdrawn from the plea agreement or had the court not approved it, the parties would have proceeded to preliminary hearing on the amended complaint, which included the attempted murder charges, unless the prosecutor or the court, on its own motion, took some affirmative action after the plea was withdrawn, but reinstatement of the original charges would not happen automatically upon withdrawal of the plea. (See, e.g., *People v. Superior Court* (*Garcia*) (1982) 131 Cal.App.3d 256, 258 [after Garcia withdrew guilty plea, prosecutor

filed an amended information alleging special circumstances that prosecutor had foregone in light of guilty plea]; *People v. Stamps* (2020) 9 Cal.5th 685, 706–707 [after plea withdrawn " ' "court must restore the parties to the status quo ante" ' "].)

Here, had defendant's no contest pleas been withdrawn or disapproved by the court, restoring the parties to the "status quo ante" would require undoing defendant's waiver of his right to preliminary hearing. Given that the trial court found a factual basis for the plea and the parties implicitly agreed that the evidence would support the charges by entering into the plea agreement, we find no legal reason to preclude defendant from proceeding to trial on the attempted murder charges. We will not speculate as to whether the prosecution would elect to proceed with the amended complaint or move to amend again and restore the dismissed counts or add any additional counts. Accordingly, we conclude that the 2018 amended complaint superseded the original complaint for purposes of applying section 1172.6. Therefore, defendant's petition includes a sufficient averment that (1) the operative charging document allowed the prosecution to proceed under a theory of attempted murder under a natural and probable consequences theory, (2) defendant accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and (3) defendant cannot presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1172.6, subd. (a)(1)–(3).)

We will not, however, direct the trial court to issue an order to show cause and hold an evidentiary hearing as defendant requests. Because the court accepted the prosecutor's argument that relief was barred by the original charging complaint, the record does not demonstrate the court made an adequate inquiry concerning whether defendant's petition establishes a prima facie case for relief under section 1172.6, subdivision (c). And although we review de novo the order denying defendant's petition (*People v. Coley* (2022) 77 Cal.App.5th 539, 545), we decline to perform the trial court's statutorily mandated task for the first time on appeal.

Accordingly, we conclude that the appropriate remedy is reversal of the order denying defendant's petition, with directions to the trial court to perform its functions under section 1172.6, subdivision (c) to determine whether defendant has otherwise established a prima facie case for section 1172.6 resentencing relief and, if so, proceed in accordance with that section.

## DISPOSITION

The order denying defendant's section 1172.6 petition is reversed, and the matter is remanded with directions that the trial court proceed in accordance with section 1172.6, subdivision (c).