(139 App. Div. 344.)

## PEOPLE v. HARPER.

(Supreme Court, Appellate Division, Third Department.   June 29, 1910.)

1. INDICTMENT AND INFORMATION (§ 146*)—INDICTMENT—DEMURRER—EFFECT—PLEA.

    The demurrer to an indictment is not a plea to it.   The former raises issues of law; the latter issues of fact—so that they are not interchangeable terms.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 489; Dec. Dig. § 146.*]

2. CRIMINAL LAW (§ 577*)—PLEA—TIME OF TRIAL.

    In a prosecution for libel, after the defendant's demurrer to the indictment was overruled, he should have been allowed two days in which to prepare for trial after entering his plea of "not guilty," under Code Cr. Proc. § 357, providing that "after his plea the defendant is entitled to at least two days to prepare his trial if he requires it"; the rights of defendant under the statute being absolute and of which he cannot be deprived without his consent.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1305; Dec. Dig. § 577.*]

3. CRIMINAL LAW (§ 1186*)—APPEAL—TECHNICAL ERRORS.

    The error of the court, in a prosecution for libel, in not allowing defendant two days after entering his plea to prepare for trial as allowed by statute, is not within Code Cr. Proc. § 542, providing that on appeal the court should give judgment without regard to technical errors which do not affect the substantial rights of the parties.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3215; Dec. Dig. § 1186.*]

4. CRIMINAL LAW (§ 617*)—ACTION—DISQUALIFIED JUDGE—PROCEEDINGS BEFORE.

    The previous announcement of defendant in a prosecution for libel that he was ready for trial, and also his later refusal to plead, being made before a disqualified judge, was not a waiver of his right to two days' preparation for trial after filing his plea.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1375; Dec. Dig. § 617.*]

Appeal from Clinton County Court.

George W. Harper was convicted of libel, and appeals.   Reversed, and a new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

R. M. Moore and John E. Judge, for appellant.
Arthur S. Hogue, Dist. Atty., for the People.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

COCHRANE, J.   The defendant was indicted at a term of the Supreme Court in April, 1908.   Before any proceedings were had thereon, the indictment was transferred to the County Court.   When the defendant was arraigned in the latter court in May, 1908, he made a motion to dismiss the indictment on the ground of informalities in its presentment.   The county judge announced that he was disqualified from acting in this particular case, and made no determination of the motion, and no plea was entered.   Subsequently the motion was made and denied at a session of the court held by a county judge of another county.   Another motion was also made and denied to dismiss the indictment because of illegal evidence before the grand jury.   A demurrer to the indictment was subsequently interposed by the defendant which was disallowed and leave given him to plead to the indictment.   On or about January 2, 1909, the district attorney served on the defendant a notice that on the 11th day of January, 1909, he would "request the court to order the defendant to plead to the indictment and move at once for trial."   No plea had up to that time been entered, and there seems to have been no opportunity for the defendant after the disposition of his motions and demurrer to enter such plea in a court presided over by a judge not disqualified to act.   On the day fixed by the district attorney in his said notice, the court was held by a county judge of another county, and the defendant entered his plea of not guilty.   He thereupon demanded two days in which to prepare for trial after his plea, as provided by section 357 of the Code of Criminal Procedure.   This motion was denied on the ground that the demurrer constituted a plea to the indictment, and the court directed that the trial proceed forthwith. The defendant excepted to the ruling of the court and stated that he proceeded with the trial under objection and protest and that he claimed the statutory right to an adjournment of two days.   The trial was immediately commenced and resulted in the conviction of the defendant on the following day.

The court was in error in holding that the demurrer constituted a plea to the indictment and in depriving the defendant of his statutory right of two days between his plea and the trial.   "The only pleading on the part of the defendant is either a demurrer or a plea." Code Cr. Proc. § 321.   A clear distinction is thus made between a "demurrer" and a "plea."   They are both pleadings; but the former raises an issue of law, while the latter raises an issue of fact, and they are not interchangeable terms.   Section 330 of the Code of Criminal Procedure provides that:

"If the demurrer be disallowed the court must permit the defendant at his election to plead which he must do forthwith or at such time as the court may allow."

That practice was pursued in the present case; but the defendant never had an opportunity to plead after the disallowance of his demurrer until the day he was required to proceed with his trial.   Section 332 of the Code of Criminal Procedure specifies three kinds of pleas, viz., guilty, not guilty, and a former judgment.   On the day of his trial the defendant interposed the plea of not guilty.   Section 357 provides:

"After his plea the defendant is entitled to at least two days to prepare for his trial if he requires it."

This confers on the defendant an absolute right of which he cannot be deprived without his consent. The court could not therefore disregard this absolute right of the defendant and place him on trial immediately on receiving his plea.

This is not such an error as is specified in section 542 of the Code of Criminal Procedure, which permits the court on the appeal to give judgment "without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." To do that would constitute a substitution of the judgment of the trial court for the judgment of the defendant in respect to a matter which the statute has confided absolutely to the judgment of the latter, and would reduce the question to a mere consideration of whether the discretion of the court had been so exercised as not to jeopardize the rights of the defendant, and would practically abrogate said section 357. It is the purpose of that section to give the defendant two days after his plea to prepare for his trial if he requires it, whether he needs it or not.

The learned district attorney argues that the defendant waived this provision by previously announcing in court that he was ready for trial and by a previous refusal to plead. The difficulty with that argument is that those occurrences took place in a court which was not presided over by a judge qualified to act in this case. Whatever took place on those occasions was coram non judice as to this defendant.

We appreciate that the trial was much delayed, and perhaps by reason of obstacles unnecessarily interposed by defendant. But that does not justify us in depriving him of a right which is absolutely guaranteed him by statute.

The judgment of conviction must be reversed, and a new trial granted. All concur.