THE PEOPLE OF THE STATE OF NEW YORK EX REL. MOREY
     J. HALL, Relator, *v.* AINER MUNSON and JOSEPH
     BOLLES, Defendants.

(County Court, Otsego County, December, 1913.)

Criminal law — where no return is made on warrant issued by justice
     of the peace charging defendants with a misdemeanor — jurisdiction
     of magistrate — of Courts of Special Sessions or Police Courts.

     The provisions of section 699 of the Code of Criminal
Procedure that " In the cases in which courts of special
sessions or police courts have jurisdiction, when the defendant
is brought before the magistrate the charge against him must
be distinctly read to him, and he must be required to plead
thereto," must be complied with and cannot be waived.

     Sections 297, 356 and 473 of the Code of Criminal Procedure
relate to the trial of indictments in courts of record and have no
application to Courts of Special Sessions.

     Where no return is made on a warrant issued by a justice
of the peace on an information filed charging infant defendants
with a misdemeanor, and no certificate is indorsed on said war-
rant that defendants have been admitted to bail for their ap-
pearance by a magistrate of another county in which they were
arrested, but before whom they did not appear personally, the
magistrate issuing the warrant acquires no jurisdiction, though
before the return of the warrant the father of two of said de-
fendants in company with an attorney asks to have a date fixed
when all defendants may appear and arrange for the giving
of an undertaking for their appearance on said date.

     Where on said date the magistrate, after declining to pro-
ceed, issued a new warrant for the arrest of defendants, placed
it in the hands of a constable for service who on the same day
made a return duly indorsed thereon with the certificate of a
magistrate in the county where the warrant was served ad-
mitting defendants to bail and approving of undertakings for
their appearance on a day certain, an application for a writ of
certiorari to review the action of the magistrate issuing the
warrant will be denied and defendants directed to appear be-

fore him under and pursuant to the second warrant of arrest for such further proceedings thereunder as may have originally been taken and had therein.

APPLICATION for a writ of certiorari to review certain acts, etc., of a justice of the peace, magistrate of Special Sessions.

John G. Johnson and George L. Bockes, for motion.

Edward O'Connor opposed.

KELLOGG, J.    This is an application for a writ of certiorari to review certain acts, process and proceedings of Ainer Munson as a justice of the peace and magistrate of Special Sessions of the town of Franklin, N. Y., in all matters appertaining to a certain complaint entertained by him against T. Wendell Hall, Helen Hall, Dorothy Rhodes and Reginald Coville, upon the complaint of one Joseph Bolles.

It is claimed by the relator, Morey J. Hall, that the proceedings in question were without jurisdiction or authority of law, and in violation of the constitutional rights of the defendants from which they have no remedy by appeal.

Preliminary objections were made to the issuing of the writ upon the ground that the writ of certiorari has been abolished and that the only method of reviewing a judgment or order in a criminal action or a special proceeding of a criminal nature is by appeal.

That the moving papers do not allege that the defendants have not been committed, and are not detained by virtue of any judgment, decree, final order, or process specified in section 2016 of the Code of Civil Procedure.

The foregoing with the various other objections

made have not been considered by reason of the determination reached on the merits.

It appears from the return of the magistrate made pursuant to the order of this court, that on the 9th day of September, 1913, one Joseph Bolles filed an information alleging the crime of wanton and malicious mischief against his property had been committed by the individuals above mentioned, and that, after taking several depositions, he issued a warrant for their arrest, and delivered the same to a constable of the town of Franklin, for service.

That subsequently, and on the same day, the relator in company with George L. Bockes, Esq., came before the justice and claimed to represent the defendants named in the warrant, and asked to have a date fixed at some future time when the defendants might appear and arranged that defendants would execute an undertaking with sufficient sureties for their appearance on the 23d day of September, 1913, at ten o'clock in the forenoon of that day.

That subsequently said warrant was brought back to the justice by said constable without any return of service having been indorsed thereon by a justice or magistrate of Otsego county, that any of the defendants had been admitted to bail for their appearance, or that bail for them or any of them had been taken as required by statute.

That the defendants soon thereafter caused to be filed with the justice undertakings for their appearance, duly approved by W. Irving Bolton as city judge of Oneonta, pursuant to the agreement of counsel above mentioned.

That on the 23d day of September, neither of the defendants appeared personally, but attorneys John G. Johnson and George L. Bockes appeared for them, claimed to represent the defendants, and called for

a venire that a jury might be obtained for the trial
of said cause before him. That as no return had been
made upon the warrant, and no certificate appeared
thereon that the defendants had been admitted to
bail by any magistrate of Otsego county, and as the
defendants had not appeared before him personally,
he declined to proceed upon the ground that he had
not jurisdiction so to do.

That, on the same day, and after so declining to pro-
ceed, the justice states that he issued a new warrant
for the arrest of the defendants, and caused the same
to be placed in the hands of a constable for service.
That the constable on the same day made a return
which was duly indorsed thereon with the certificate
of the city judge of Oneonta, admitting the defendants
to bail, and approving of undertakings in behalf of
each of the defendants for their appearance on the
30th day of September, 1913, at two o'clock in the
afternoon of that day, before him.

There is no dispute as to the facts. On the twenty-
third day of September, at the time of the appearance
of the several defendants in court by their respective
attorneys, it is not contended that they, or any one of
them, were present in person; that the charge for
which the warrant had been issued for their arrest
had ever been read to them, or that they had ever been
in court for such purpose; that there had ever been any
certificate by a magistrate of the county of Otsego
where the defendants reside, that they had given bail
for their appearance before the magistrate who issued
the warrant indorsed thereon, neither does it appear
from the return of the justice as to whether the first
warrant was ever served upon the defendants or any
of them, and if it had been so served why a written
return thereon had not been made by the peace officer
who made such service. Although the defendants had

not been taken before the city judge of Oneonta, under the first warrant for the purpose of admitting them to bail, undertakings had been filed with the justice, approved by the said city judge, that they would appear from time to time, or forfeit to the county of Delaware the sum of $100, and it is doubtless contended in behalf of the defendants that this was a compliance with the provisions of section 159 of the Code of · Criminal Procedure which provides: " If the crime charged in the warrant be a misdemeanor, and the defendant be arrested in another county, the officer must, upon being required by the defendant, take him before a magistrate in that county, who must admit the defendant to bail, for his appearance before the magistrate named in the warrant, and take bail from him accordingly."

The filing of the undertaking admitting the defendants to bail in the manner above set forth, without the actual service of the warrant upon the defendants, in addition to their appearance in court by attorney, is claimed by the defendants to have been a submission on their part to the jurisdiction of the court under the first warrant in such a manner that any judgment rendered therein might be legally and lawfully enforced, and that there was a waiver of any jurisdictional defect, if there was any such defect, when the defendants appeared by counsel, notwithstanding the fact that there had never been a compliance with the provisions of section 699 of the Code of Criminal Procedure, which reads as follows: " In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the charge against him must be distinctly read to him, and he must be required to plead thereto."

It is also contended in behalf of the defendants that

the defendants having been arrested, or the first warrant having been issued for the alleged commission of a misdemeanor only, the personal appearance by the defendants was unnecessary and they might appear by counsel only, in accordance with the provisions of section 297 of the Code of Criminal Procedure as it relates to the trial of indictments. That section 356 also applies thereto, which reads as follows: " If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant, if he appear by counsel; but if the indictment be for a felony, the defendant must be personally present."

That also section 473 applies, wherein it states that judgment may be pronounced in the absence of the defendant.

Acting upon this theory, the defendants, on the twenty-third day of September, demanded that a venire issue, and that a jury might be obtained for the trial of the defendants, at Special Sessions. The justice, however, refused to proceed for lack of jurisdiction in that neither of the defendants had ever personally appeared before him. That no return had been made upon the warrant, and that no certificate appeared thereon that the defendants had been admitted to bail by any magistrate of the county of Otsego.

It is also urged in behalf of the defendants, that under the circumstances above mentioned, when the justice refused to proceed, as he claimed, for a lack of jurisdiction, it was a discharge of the defendants as a matter of law, pursuant to section 673 of the Code of Criminal Procedure, which provides: "An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution of the same offense, if it be a misdemeanor; but it is not a bar, if the offense charged be a felony."

It is therefore urged for the defendants that the last warrant issued, and the arrests made under it, are illegal and unlawful, and in utter disregard of the rights of the defendants, and that they have grounds to believe that the said complainant and the said magistrate will continue to annoy said defendants, who it appears are infants, with unauthorized and illegal arrest, and proceedings, unless the complainant receives money largely in excess of damages actually sustained, or unless this court shall, in its discretion, protect the defendants and the parties interested in their behalf, by interposing between them the protection of the law.

From the affidavits presented on this application, it may be fairly stated, as a matter of fact, that on or about the 17th day of August, 1913, the defendants committed a trespass on the lands leased by the complainant, Bolles, which lease was soon to terminate, and that they did do some damage to an abandoned frame house on lands rented by the complainant, which could have been remedied by the expenditure of from five to ten dollars, and all of which damage the relator, the father of two of the defendants, offered to the complainant, and also to put the premises in as good shape and condition as before said damage occurred.

That the complainant, Bolles, demanded $200 damages, and threatened to have all of said children put in jail, unless the same was paid. That the relator says he refused to pay, in that the same was excessive and extortionate. That thereafter the complainant offered to settle for $100, which being refused, the complainant sued each of said children in a civil action in the Supreme Court, county of Delaware, and the relator and the defendants contend that the various proceedings started were simply for the purpose of threatening and annoying them, and practicing extortion, and

bring shame and disgrace upon them in an unusual and unjust manner. These various propositions are not for this court to determine, but the court has formed quite positive convictions upon one or more of these contentions in behalf of the defendants, in part from the affidavits used on this application.

Such impressions have in nowise been diminished from the highly improper conduct of the complainant since the argument of this motion, and his threats to the court apparently made with the purpose and intent of affecting its decision. In the respects mentioned, he has barely escaped, indeed, a fine for contempt. Not the slightest criticism is intended to be made as regards the attorney for the complainant in any respect whatever.

This court has the utmost confidence in the ability and fairness of Ainer Munson, the magistrate in question, and feels assured that he will neither suffer nor permit any unjust or unusual punishment to be inflicted upon these infants, defendants, or will not give them a fair trial, conceding that they have done that which they ought not to have done, and are charged in both warrants with having committed, to wit, wanton and malicious mischief.

Recurring once more to the real question involved upon this application, could the defendants, after having apparently waived the service of the warrant, and instead of going before the city judge of Oneonta, to be admitted to bail, and having the same indorsed upon the warrant, informally give an undertaking approved by the city judge and filed with the justice, appear on the date set for the trial, by attorney only, and waive the provisions of section 699 of the Code of Criminal Procedure, which requires that in cases in which the Courts of Special Sessions have jurisdiction, when the defendant is brought before the

magistrate, the charge against him must be distinctly read to him, and he must be required to plead, and by such waiver give the magistrate jurisdiction to proceed.

I am of the opinion that these provisions cannot be so waived, and that sections 297, 356 and 473 of the Code of Criminal Procedure, all of which relate to the trial of indictments in courts of record, have no application to Courts of Special Sessions.

Surely, under the provisions of section 699, the defendant must at some time be brought before the magistrate who must read the charge distinctly to him. Assuming, for the sake of the argument, that a defendant goes to trial in a Court of Special Sessions, either with or without a jury, without having first been brought into court, and having the charge read to him, and such trial results in conviction, is he to be brought into court, after conviction, and have the charge read to him? I am not convinced such is the law. In other words, section 699 means just what it says, and there must be a compliance with its provisions.

Houghton, J., says, in *McCarg* v. *Burr*, 106 App. Div. 281: " The requirement of section 699 of the Code of Criminal Procedure, that when a defendant is brought before a magistrate the charge against him must be distinctly read and he must be required to plead thereto, is   *   *   *   mandatory and vital to the interests of a person charged with crime." Where the charge was not read, however, it would not render void the conviction. *People* v. *Carter*, 88 Hun, 304.

It may be conceded that whereas the defendant was arraigned before a city magistrate, and he was held to bail, both he and his surety executing an undertaking that the defendant would appear and answer the charge mentioned, in whatever court it might be prosecuted, and if convicted would appear for judg-

ment and render himself in execution thereof, as in
*People* v. *Miller*, 63 App. Div. 12, he might not be re-
quired to be personally present at the trial, especially
in case of sickness, or without the order of the court
that he be so required to attend. For the reasons
stated, the motion for a writ must be denied, but with-
out costs. The defendants and each and every one of
them are required to appear before Ainer Munson as
justice of the peace, and a magistrate of the town of
Franklin, county of Delaware, N. Y., under and pur-
suant to the second warrant of arrest, Thursday, the
8th day of January, 1914, at eleven o'clock in the fore-
noon of that day, for such further proceedings there-
under as may have originally been taken and had
therein.

Application for writ denied, without costs.