Benjamin Gassman, P. J.
The defendants appeal from a judgment convicting them of the offense of disorderly conduct (jostling) in violation of subdivision 6 of section 722 of the Penal Law.
Were the only question before us one of whether the guilt of the defendants was established beyond a reasonable doubt, we would have affirmed the-judgment without opinion. However, a serious question of law is presented on this appeal, which casts doubt on the validity of the judgment of conviction.
Originally, the defendants were charged with the crime of grand larceny. They were arraigned on that charge on May 12, 1959, at which time they were advised of their rights, bail was fixed, and without any pleading by defendants, the case was adjourned to May 18,1959.
On May 18, 1959 the defendants again appeared before a City Magistrate on the original felony charge. A colloquy ensued between the court and defendants’ attorney about reducing the charge to petit larceny and then to disorderly conduct, the court being led to believe that the defendants would plead guilty to such reduced charge. However, when the defendants changed their minds and refused to plead, the Magistrate said: ‘ ‘ Then all reductions are off. The original charges will stand, as felonies.” Without any plea by the defendants, the case was adjourned to May 20, 1959.
On May 20, 1959 one of the defendants did not appear and the other defendant waived for the Grand Jury.
The defendants’ next appearance in the Magistrate’s Court was on the morning of May 27, 1959, at which time, the Magistrate held a hearing on the original charge. At the conclusion of that hearing, the Assistant District Attorney moved that the charges be reduced to disorderly conduct under subdivision 6 of section 722 of the Penal Law, stating that “we can’t decide which of the two defendants took the money. We can *1091 establish jostling,” The charges were thereupon accordingly reduced and the case was set down for trial (on the jostling charge) before another Magistrate at 2:00 p.m. on the same day.
When the case was called for trial at 2:00 p. m. defendants’ attorney applied for a “ short adjournment ”, but the court denied the application and directed that the trial proceed. The defendants were then convicted.
The record does not disclose that before proceeding to trial on the reduced charge, the defendants were asked how they pleaded. The record does not show that the defendants interposed any plea, either to the original felony charge or to the reduced charge. Nor does the District Attorney claim that any plea was interposed by defendants. However, he urges that by proceeding to trial before the Magistrate, the defendants must be presumed to have pleaded not guilty, otherwise there would have been no need for a trial. He urges that the defendants waived the technicality of interposing a not guilty plea before trial.
If that were the only question involved there might perhaps have been some justification for holding that under section 542 of the Code of Criminal Procedure, we could affirm' the judgment. However, if it be held that the plea of not guilty was inferentially interposed by the defendants by going to trial, we must hold that such plea was interposed on the afternoon of the very day on which they were tried, and that such trial proceeded after defendants’ request for a “ short adjournment” was denied and over the defendants’ objection.
Section 357 of the Code of Criminal Procedure provides that ‘ ‘ After his plea, the defendant is entitled to at least two days to prepare for his trial, if he require it.” If it be held that the defendants pleaded not guilty on May 27, 1959, by their failure to plead guilty, then the defendants were entitled to at least a two-day adjournment before being compelled to go to trial.
In speaking of section 357 of the code, the Appellate Division, Third Department, in People v. Harper (139 App. Div. 344, 346) said, “ This confers on the defendant an absolute right of which he cannot be deprived without his consent. The court could not, therefore, disregard this absolute right of the defendant and place him on trial immediately on receiving his plea. This is not such an error as is specified in section 542 of the Code of Criminal Procedure, which permits the court on the appeal to give judgment ‘ without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties’. To do that would constitute *1092 a substitution of the judgment of the trial court for the judgment of the defendant in respect to a matter which the statute has confided absolutely to the judgment of the latter, and would reduce the question to a mere consideration of whether the discretion of the court has been so exercised as not to jeopardize the rights of the defendant, and would practically abrogate section 357. It is the purpose of that section to give the defendant two days after his plea to prepare for his trial, if he requires it, whether he needs it or not.”
Again, in People v. Phelan (221 App. Div. 758) the Appellate Division said: “ We are constrained to reverse this conviction because of the refusal of the learned County Judge to afford the defendant, in the face of his demand therefor, the time required by the Code of Criminal Procedure, sections 311 and 357 to plead and to prepare for trial. The error is not one that may be disregarded pursuant to section 542 of the Code of Criminal Procedure. ’ ’
Though the record overwhelmingly establishes the defendants’ guilt, in view of the fact that a substantial right of the defendants was affected, the judgment cannot be sustained. Even the worst criminal is entitled to avail himself of the legal safeguards provided by law, for the law does not seek vengeance but only punishment of those found guilty, after due trial. As the court said in People v. Richetti (302 N. Y. 290, 295): “ Defendant has been denied his day in court, and we must see that he has it, be he right or wrong, truthful or lying, good citizen or bad.”
We recognize the fact that the defendants sought to unduly delay their trial by changing lawyers several times. Their tactics were dilatory, it is true, but despite that fact, we cannot overlook their fundamental rights under the law. A similar situation occurred in People v. Harper (supra) wherein the court said: “We appreciate that the trial was much delayed, and perhaps by reason of obstacles unnecessarily interposed by defendant. But this does not justify us in depriving him of a right which is absolutely guaranteed him by statute.”
Accordingly, the judgment should be reversed on the law and a new trial ordered.
Cawse, Jr., and Martinis, JJ., concur.
Judgment reversed, etc.