John C. Mabbach, J.
Defendant-appellant appeals from a judgment of conviction rendered on March 27, 1967 convicting the defendant-appellant of driving while intoxicated after a trial before a jury in the Court of Special Sessions, Town of North Salem.
The facts according to the defendant may be summarized as follows. On September 26,1966 defendant was issued a uniform traffic complaint charging him with driving while intoxicated. He was brought before the Justice of the Peace of the Town of North Salem where he was granted an adjournment to obtain counsel. On February 21,1967 an information charging defendant with driving while intoxicated was filed with the court. Defendant was arraigned in absentia and a trial was held in absentia. It appears from the record, although defendant denies it by saying there was language to the contrary dehors the record, that both counsels for the defendant and the prosecution had stipulated that the defendant would be tried that night by a jury. In light of the stipulation referred to in the record the Judge proceeded and a jury was selected. It further appears from the record that several adjournments had been requested by various counsels representing the defendant. Defendant was then tried and found guilty by the jury.
Defendant-appellant raises several points in his brief. He contends that the arraignment and jury trial of the defendant in absentia vitiates the conviction since it violates not only the Code of Criminal Procedure but also defendant’s constitutional rights. He further alleges that the failure to comply with section 58 of the Code of Criminal Procedure permitting defendant to request an adjournment for the purpose of having the case presented to the Grand Jury requires reversal. He also contends that the refusals to grant defendant a two-day adjournment pursuant to section 357 of the Code of Criminal Procedure after a plea of not guilty requires a reversal. He further claims that defendant was not given his Miranda warnings and, finally, that the jury verdict was void.
Driving while intoxicated is a misdemeanor under subdivision 1 of section 1192 of the Vehicle and Traffic Law. As such the code in section 297 provides that an arraignment may be held in the absence of the defendant where the indictment be for a misdemeanor when he appears by counsel. The code further provides in section 356 that a trial may be held in the absence of the defendant where the indictment is for a misdemeanor. The defendant contends that section 699 of the Code of Criminal Procedure requires defendant’s presence to hear the charges before him. He also states that section 473 permitting judgment *464 to be pronounced in defendant’s absence as well as section 297 and section 356 of the code do not apply to a 'Court of Special Sessions which is not a court of record.
In 'support of his contentions defendant cites the case of People ex rel. Hall v. Munson (83 Misc. 308) and the cases which follow the holding in Munson. In Munson the defendant sought to be arraigned on an appearance by their attorney in a Court of Special Sessions. The court declined to permit this and the County Court upheld this determination. Munson refers only to an arraignment in absentia and not a trial. Thi's court disagrees with the holding of the County Court of Otsego County in Munson and prefers to adopt the holding of the Appellate Division, First Department in People v. Miller (63 App. Div. 11). While the court in Munson held that a literal, formalistic interpretation of section 699 of the code applied rather than 297, the Appellate Division specifically spoke of both sections 297 and 356 of the code as permitting arraignments and trials in misdemeanor cases in the absence of the defendants as long as counsel is present.
Munson holds that sections 297, 356 and 473 only apply to courts of record and not a Court- of Special Sessions. This court cannot adopt the reasoning since if defendant can waive his appearance in person and appear in a court of record by counsel, then he should certainly be permitted to do so in a lesser court not of record. This court reads section 699 and section 712 of the code as meaning that what is referred to as the presence of the defendant in fact means the presence of the defendant or his counsel. Therefore, since the defendant’s representative was present upon both the arraignment and the trial this court declines to follow the Munson case and holds that the appearance of defendant by his counsel is satisfactory under the code. This is not in conflict with a reasonable construction of the Code of Criminal Procedure when viewed in its entirety.
If there had been a question raised as to the authority of the defense counsel to represent the defendant, there might be a serious question as to the propriety of the proceedings in this case. No question has been raised, however, so it is not necessary to consider this question.
The other contention of defense counsel that defendant’s constitutional rights have been violated is without merit. It is clear that neither the Federal nor State courts permit a waiver in felony cases but this case involves a misdemeanor rather than a felony. Unlike the Federal rule 43 (Fed. Rules Crim. Pro.; in U. S. Code, tit. 18, Appendix), section 356 of the code does *465 not need the defendant’s waiver in order to become operative. The waiver becomes operative simultaneously with the occasion of the defendant’s absence so the question of waiver raised by defense counsel is inapplicable. The court will note that the record is silent as to any alleged objection. The Sixth Amendment right [U. S. Const.] to be confronted with the witnesses against him which defendant so clearly documents does not apply to a misdemeanor case where the presumptively constitutional section 356 of the Code of Criminal Procedure expressly provides that defendant need not be present.
The third contention of defense counsel that the Judge’s refusal to follow the mandate of section 58 of the code requires reversal is rejected. There is no question that People v. Haskell (9 N Y 2d 729) is the controlling authority on this question. However, this case is clearly distinguishable on the facts from Haskell. This case was delayed for a period of five months before defendant was arraigned and tried. Defendant during that time never requested that this charge be presented to the Grand Jury for possible prosecution by indictment in the County Court. Both parties had agreed to proceed to trial on February 21, 1967. In the interim from September 26, 1966 to February 21, 1967, defendant had been represented by at least two counsels who were familiar with the provisions of section 58 of the code. The Trial Judge did advise him of his right to an adjournment for the purposes of prosecuting the case by indictment and an adjournment was requested. He denied the request on the ground that a stipulation had been entered into to proceed on this date. A demand for an immediate trial on the part of a defendant charged with a misdemeanor in a Court of Special Sessions waives his rights under section 58 of the code (People v. McGann, 43 Hun 55). The stipulation provided that the trial be held that night. The Trial Judge obviously felt that this constituted a waiver on the part of the defendant particularly in light of the fact that five months had elapsed and no demand for prosecution by indictment had been made. This court upholds the determination of the lower court that in effect defendant waived his rights under section 58 of the code.
Defendant-appellant further contends that he was deprived of his right to a two-day adjournment after his plea to prepare for trial. Defendant waived this right also by stipulating that there was to be a trial on February 21,1967. The original short form information was clearly defective since the sergeant who verified the original short-form information was not permitted to do so by law on September 26, 1966. Subsequently on the morning of February 20, 1967 an unsigned and unsworn to *466 long-form information was served on the counsel for the defendant. The next night it was signed and sworn to before the Presiding Magistrate. It contained the same charges in an enlarged form as were contained in the defective short-form information of September 26, 1966 so defendant did have adequate notice of the charge he was defending and was not prejudiced by this ill-advised procedure. The fact remains that defense counsel had knowledge and had agreed to proceed to trial on the charge of driving while intoxicated on February 21,1967. All parties relied on the agreement to proceed to trial on that date and were in court and ready to go and a jury panel was present. This court finds that defendant waived his rights under section 357 of the code. This case is distinguishable on its facts from the cases cited by defendant-appellant such as People v. Harper (139 App. Div. 344) and People v. Phelan (221 App. Div. 758).
Defendant further contends that the admission in evidence over objection of defendant’s purported admissions was reversible error since the required Miranda warnings were not given and no Huntley hearing was held. The People contend that the trooper came upon an accident, noticed defendant in an disheveled condition and inquired as to what happened. Defendant said he had been drinking. Clearly under the facts in this case this was not a custodial stage but merely an investigatory stage of the proceeding not requiring the Miranda warnings. Defendant could not have left the scene of the accident it is true but this restriction is imposed on all people who have accidents (Vehicle and Traffic Law, § 600). His detention did not result from any police activity on the part of the trooper.
In conclusion this court feels that on the particular facts of this case the defendant was not denied due process of law and the trial court did not commit reversible error on the facts before it as a matter of law. This court commends both counsels for the appellant and the People for the excellent briefs submitted on this appeal.
The judgment of conviction is sustained.