No. 23402.

ALBERT WILLIAM NEITZ *v.* THE PEOPLE OF THE STATE OF COLORADO.
(462 P.2d 498)

Decided December 15, 1969.

MANSUR TINSLEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

ALBERT WILLIAM NEITZ (hereinafter referred to as the defendant) was found guilty of larceny of a motor vehicle and sentenced to the state penitentiary. He contends that the trial judge was in error in denying his motion to suppress evidence of a confession allegedly made by him. More specifically, the defendant argues that the People failed to meet its burden of proving that the defendant knowingly and voluntarily waived his right to remain silent and to be represented by counsel. We do not agree that there was error committed, and we affirm the judgment of the trial court.

As the premise upon which this case turns, we point out the rule laid down by the United States Supreme Court that when police officers interrogate a defendant without the presence of an attorney, and a statement is taken, the burden is on the People to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

In the present case, the trial judge held an *in camera* hearing in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, to determine whether a certain confession allegedly made by the defendant to a police investigator could be admitted into evidence. The question before this Court is whether or not there is sufficient evidence in the record of that hearing to support the ruling by the trial judge that there had been a knowing and intelligent waiver by the defendant of the rights guaranteed to him by the Constitution.

The evidence introduced at the hearing was in conflict. Mr. Decker, the investigator who took the statement, testified as follows:

"Q. I see. Did you advise him of his rights and fill out advisement forms prior to interrogating him?

"A. Yes, sir. In his presence I read the advisement form to him. He read it after I read it. I asked him if he understood it. He stated yes. He stated he would talk to me. He initialled the part that he stated and he signed his name, and I had an official from the Denver jail sign his name as a witness."

The advisement form is part of the record before this Court. It sets forth the four warnings required by *Miranda v. Arizona, supra,* and it reflects the signature of the defendant near the bottom of the form below the warnings. Following the warnings appears the question: "Do you understand each of these rights I have explained to you?" The word "yes" is printed in the blank following that question. A second question then asks: "Having these rights in mind, do you wish to talk to us now?" After this question the word "yes" is again printed followed by the initials AL and the date 9/20/66. Mr. Decker testified that the defendant was the one who wrote the yes answer to both questions.

The defendant then testified that he was asked to sign the form which he believed related to having an appointed attorney sit with him during the questioning. He admitted signing the form, but he denied printing "yes" after the two questions on the form, and he denied printing the initials or the date.

On the basis of this conflicting testimony, the trial judge concluded that the defendant had made a knowing and intelligent waiver of his rights under *Miranda.* It is our conclusion after examining the record that there is sufficient evidence of an affirmative waiver by the defendant to support that conclusion.

The defendant argues that when an officer is alone with the defendant at the time the alleged waiver takes

place, the testimony of the officer must be corroborated by some other evidence. In this case, he contends that the witness who signed his name to the advisement form should have been produced.

The witness for the People testified that a positive waiver had been made by the defendant, and the People substantiated that testimony by producing the advisement form itself, admittedly signed by the defendant on the date and at the time of the interrogation. *Miranda v. Arizona, supra,* puts the burden of proof of admissibility of the confession on the People, but it does not require corroboration of the witnesses who testify for the People on the issue of admissibility.

While the testimony by the missing witness to the waiver might have made a stronger case for the People, the evidence of waiver actually presented was sufficient, if believed by the court, to support a finding of valid waiver.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.