## No. 25130.

The People of the State of Colorado *v.* Larry Eugene Garrison, a/k/a Larry E. Garrison.

(491 P.2d 971)

Decided December 20, 1971

CARL PARLAPIANO, District Attorney, ALLAN R. COOTER, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, J. E. LOSAVIO, JR., Assistant, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

DEFENDANT Larry Eugene Garrison is charged with violating C.R.S. 1963, 40-2-11, inflicting a bodily injury upon another by driving an automobile in a reckless, negligent and careless manner while under the influence of intoxicating liquor.

On the evening of December 14, 1970, the defendant was involved in an accident while driving west on Eighth Street in Pueblo. The investigating police officer, White, found the defendant sitting behind the wheel of his car. White asked the defendant for his driver's license, which he produced. He inquired as to whether the defendant had any injuries other than a cut on his forehead to which he answered no. White then asked Garrison to

sit in the police car. White asked the defendant if he had been driving, but the record does not disclose an answer to this question. The defendant was then asked if he had been drinking to which he answered no. White then decided to take the defendant to the county jail. While en route, White asked the defendant if he wanted to submit to a blood alcohol test to which he replied in the negative. He also asked the defendant where he was going, to which the defendant replied that he thought he was going on 4th Street.

Upon arriving at the jail, Garrison was advised of his rights. The testimony is clear that the defendant apparently understood those rights; he said that he did not want an attorney, and signed the advisement form. White began to interrogate the defendant by asking him the questions on the physical coordination sobriety test form. The defendant was again asked where he was going and if he had been drinking. He again stated, "Damn, I thought I was going down 4th Street," and that he had not been drinking.

The defendant moved to suppress all of the statements made by him to the police. After a hearing, the trial judge suppressed those statements made by the defendant before he was given a *Miranda* warning and denied suppression of those statements made after the warning had been given. The defendant thereupon brought this interlocutory appeal challenging the trial court's ruling. The People have not cross-appealed.

As error, the defendant urges that the second set of statements should have been suppressed because a causal connection existed between the two sets of statements. He argues that the effect of the earlier invalid interrogation had not been dissipated, since he had not been removed in time and place from his original surroundings, and that the psychological effect of his original admission had not been removed. The defendant also asserts that White was armed with his earlier admission

when the second interrogation took place, and therefore, that the "cat was out of the bag."

We find no merit to defendant's contentions and therefore, affirm the ruling of the district court.

We had occasion to examine the arguments advanced and the cases cited by the defendant in the case of *People v. Potter*, Supreme Court No. 25146, announced contemporaneously with this opinion. We do not wish to prolong this opinion by repeating our discussion in *Potter* and, therefore, we adopt that discussion in this opinion.

The statement which the defendant primarily objects to is the one concerning his belief that he was on Fourth Street. It is asserted that since the defendant was under suspicion for driving under the influence, the fact that he thought he was on 4th Street, when in reality he was on 8th Street, is most incriminating. Admittedly, in this context, such a statement might be quite damaging. However, after being advised of his rights, the defendant was under no obligation to repeat his earlier statement or to make any statement whatsoever. The district court found, and we agree, that defendant made a knowing and intelligent waiver of his right to remain silent, and that his statement was voluntarily given.

█ We likewise do not think that the "cat out of the bag" theory is applicable here. The answer as to whether defendant had been drinking was exculpatory on both occasions. An exculpatory statement does not let the cat out of the bag. *United States v. Trabucco*, 424 F.2d 1311 (5th Cir. 1970); *Sciberras v. United States*, 380 F.2d 732 (10th Cir. 1967).

██ The first answer as to where the defendant was going was given during the investigatory stage of the process. When an officer arrives upon the scene of an accident, it is normal procedure to determine what has happened and which way the cars involved were headed. The fact that the defendant was asked to sit in the police car does not turn investigation into custody under these

circumstances. It is normal police practice to have the parties involved sit in the police car while the accident report is completed by the officer. *See People v. Alexander*, 57 Misc. 2d 462, 293 N.Y.S. 2d 138.

■ Having been advised of his constitutional rights, and apparently understanding them according to his own testimony, the defendant could have refused to answer the questions the second time they were asked. The trial judge found that the defendant was not subjected to a lengthy or searching examination. He was aware of his right to have counsel present at the interrogation and waived that right. The waiver of his constitutional rights was knowingly and intelligently made. We also agree that there was ample testimony from both the police officer and the defendant to show that a knowing and intelligent waiver had been made. This showing was made beyond a reasonable doubt. *Neitz v. People*, 170 Colo. 428, 462 P.2d 498, *People v. Kelley*, 172 Colo. 39, 470 P.2d 32.

Finding that there is no causal connection between the statements made before and after the *Miranda* warning was given to the defendant, and that the cat out of the bag theory is inapplicable to this situation, we affirm the ruling of the trial court.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissenting.