Donald X. Clavin, J.
The defendant, Lucille Delaney, received a summons from a member of the Nassau County Police Department Highway Bureau on July 4, 1974, for failure to take a breath test allegedly in violation of section 1193-a of the Vehicle and Traffic Law of the State of New York.
"§ 1193-a. Breath tests for operators of certain motor vehicles. Every person operating a motor vehicle which has been involved in an accident or which is operated in violation of any of the provisions of this chapter shall, at the request of a police officer, submit to a breath test to be administered by the police officer. If such test indicates that such operator has consumed alcohol, the police officer may require such operator to submit to a chemical test in the manner set forth in section eleven hundred ninety-four of this chapter.”
This test is not the same test required of a motorist pursuant to section 1194 of the Vehicle and Traffic Law. It is merely a pass-fail test with no calibration of any kind.
Pursuant to the rules and regulations of the Nassau County Police Department, Training Manual, Bulletin Nineteen, Revised March 1971, an officer only requests a motorist to take the breath test if he does not have reasonable grounds to believe the person to be driving in violation of the provisions of section 1192 of the Vehicle and Traffic Law. The purpose of the breath test is to determine whether the person has consumed alcohol.
If the motorist takes the test and passes it he is allowed to proceed. If he takes the test and does not pass it, he is taken into custody and taken to the stationhouse or precinct. If the motorist refuses to take the test or refuses to give a sufficient amount of breath for proper testing, he is given a summons for violation of section 1193-a and is allowed to proceed.
*578 The State of New York has imposed a requirement on a motorist to consent to a chemical test of his breath, blood, urine and saliva. If a motorist declines the chemical test, he is entitled to a hearing before the Motor Vehicle Commissioner at which time a determination may be made as to whether the person loses his license to operate a motor vehicle in this State. The motorist is not charged with any violation of law for refusing to take this test. Section 1194 has been held constitutional as being in compliance with the Supreme Court decision in Schmerber v California (384 US 757).
In Schmerber (supra), the defendant was represented by counsel and was allowed to confer with counsel (pp. 765, 766) and the defendant prior thereto had been advised of his right to counsel and of his right to remain silent (p. 769). The court also indicated that it might not have come to the same conclusion if blood had been taken by the police at the stationhouse instead of by a doctor at a hospital (p. 772). It was stated that taking blood from the defendant was not a communicative act and required no participation of the accused and the actions of the accused were irrelevant to the results (p 765).
In deciding this case, the court has taken into consideration United States Supreme Court decisions in United States v Knox (396 US 77); Marchetti v United States (390 US 39); and Grosso v United States (390 US 62). This court is in full accord with the following portion of the dissenting opinion of Mr. Justice Douglas in Knox (supra, pp 84, 85):
"The majority argues that by the terms of Marchetti the Government is not prohibited from requesting the form, but is only prohibited from prosecuting an individual for his failure to comply with the request. Ante at 80, n. 3. The question in this case, however, is not whether the Government has the power to request the form to be filed, but whether it has the power to require the form to be filed. If Knox had merely been requested to file the form and, with full knowledge of his right to silence under the Fifth Amendment, had done so voluntarily, we would have quite a different case. * * *
"Marchetti and Grosso held that those in Knox’s position have the Fifth Amendment right to remain silent irrespective of the statutory command that they submit forms which could incriminate them. Had Knox asserted his right of silence under the Fifth Amendment, it is clear that the Internal *579 Revenue Service could not, consistently with Marchetti and Grosso, have required him to file the wagering form.”
In Marchetti (supra) Mr. Justice Harlan, delivering the majority opinion stated that certiorari was granted to re-examine the constitutionality under the Fifth Amendment of the wagering tax statutes and stated (pp 41-42) "we have concluded that these provisions may not be employed to punish criminally those persons who have defended a failure to comply with their requirements with a proper assertion of the privilege against self-incrimination.” The issue was not the taxability of the activity but whether the methods employed by Congress were consistent with the limitations created by the privilege against self incrimination guaranteed by the Fifth Amendment. The court held that the obligation to register and pay the tax created a "real and appreciable” not merely "imaginery and unsubstantial” hazard of self incrimination, even if the information is only a "link in a chain” of evidence which might tend to establish his guilt. The obligation to take the breath test creates a similar hazard of self incrimination.
In the instant case, the obligation to take the breath test creates a "real and appreciable” not merely "imaginary and unsubstantial” hazard of self incrimination.
To permit this statute to stand would license the erosion of the privilege against self incrimination through "ingeniously drawn legislation.”
In the breath test situation the only reason for asking the motorist to take a breath test is to assist the officer in making a determination as to whether he is going to place the defendant under arrest and consequently the sole and only function is to incriminate the motorist.
A failure to take the chemical test required by section 1194 of the Vehicle and Traffic Law is not a violation and can only result in a possible revocation of a person’s license by the Motor Vehicle Commissioner.
The attempted imposition of a penalty for failure to take the breath test in accordance with section 1193-a of the Vehicle and Trafile Law violates the rights conferred by the Fifth Amendment. Accordingly, section 1193-a of the Vehicle and Traffic Law of the State of New York is held to be unconstitutional.
*580 The accusatory instrument is dismissed.