OPINION OF THE COURT
David D. Egan, J.
Defendant has moved for dismissal on constitutional grounds of the charge that he violated section 1193-a of the Vehicle and Traffic Law, refusal to take a breath screening test, by notice of motion and supporting affidavit of Charles T. Noce, dated May 15, 1981. The People responded by answering affirmation of Sharon M. Kehoe, Assistant District Attorney, dated May 28, 1981.
On May 10,1981 at about 2:25 a.m. the defendant, while driving a motor vehicle, was stopped by the State Police and charged by Trooper Tober with speeding, under subdivision (b) of section 1180 of the Vehicle and Traffic Law, moving from lane unsafely under subdivision (a) of section 1128 of the Vehicle and Traffic Law, and being an unlicensed operator under subdivision 2 of section 509 of the Vehicle and Traffic Law. He was also charged with violating section 1193-a of the Vehicle and Traffic Law, refusal to take a breath screening test, and with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, driving while intoxicated. The latter two charges *1056 were made by State Trooper Corbitt, who also filed with the court a report of refusal to submit to a chemical test by the defendant under section 1194 of the Vehicle and Traffic Law citing the actual time of arrest as being 2:25 a.m. and the time of refusal as being 3:30 a.m. Upon arraignment of the defendant before this court, that portion concerning the defendant’s refusal to take the chemical test under section 1194 was referred to a hearing by the Department of Motor Vehicles pursuant to subdivision 3 of section 1194 of the Vehicle and Traffic Law. The simplified traffic information indicates the time of refusal of the screening test under section 1193-a as being 2:25 a.m. with the same time given for the charge of driving while intoxicated under subdivision 3 of section 1192.
The defendant challenges the constitutionality of section 1193-a of the Vehicle and Traffic Law on the grounds that it violates the defendant’s right against self incrimination conferred by the Fifth Amendment of the United States Constitution.
Section 1193-a reads as follows: “Breath tests for operators of certain motor vehicles. Every person operating a motor vehicle which has been involved in an accident or which is operated in violation of any of the provisions of this chapter shall, at the request of a police officer, submit to a breath test to be administered by the police officer. If such test indicates that such operator has consumed alcohol, the police officer may require such operator to submit to a chemical test in the manner set forth in section eleven hundred ninety-four of this chapter.” A violation of section 1193-a is punishable as an infraction by a fine and/or imprisonment. The purpose of the statute is to enable the police officer to investigate whether or not the defendant has been drinking alcoholic beverages and, if so, to enable the police officer to request that the defendant take the chemical test under section 1194. Refusal to take the chemical test under section 1194 differs in that it does not constitute a violation of a law and is not punishable by fine or imprisonment. Section 1194 has been held constitutional by a United States court decision in Schmerber v California (384 US 757). The police are only allowed to request the defendant to take the section 1194 chemical *1057 test when: (1) the officer has reasonable grounds to believe such person to have been driving in violation of any subdivision of section 1192 (driving while intoxicated or driving while ability impaired) and within two hours after such person has been placed under arrest for any such violation or (2) within two hours after a breath test, as provided in section 1193-a, indicates alcohol has been consumed by such person.
It is clear that the sole purpose of section 1193-a is to enable the police officer to gather evidence of drinking and driving from the defendant in situations where the circumstances do not otherwise show such proscribed conduct. Section 1193-a threatens the defendant with fine and/or imprisonment for his failure to assist the police in investigating and incriminating himself. If there were reasonable grounds to believe that the defendant had been driving in violation of section 1192, the police officer could merely proceed under section 1194 with the chemical test demand and section 1193-a would be unnecessary. In this case, the situation is compounded by the officer requesting the breath test under section 1193-a and arresting the defendant for driving while intoxicated and thereafter requesting the defendant to take the chemical test under section 1194. If the officer was correct in making the arrest for driving while intoxicated, and demanding the chemical test under section 1194, then it was completely unnecessary for him to utilize section 1193-a.
Since section 1193-a of the Vehicle and Traffic Law carries with it a penalty of fine and/or imprisonment for failure to take the breath test, it violates the rights conferred by the Fifth Amendment of the United States Constitution. Accordingly, section 1193-a of the Vehicle and Traffic Law of the State of New York is held to be unconstitutional. It is further held that the application of section 1193-a of the Vehicle and Traffic Law in this particular case was unconstitutional. See People v Delaney (83 Misc 2d 576) and People v Graser (90 Misc 2d 219) for the only published cases dealing with the constitutionality of section 1193-a.
The defendant’s motion to dismiss is granted.