OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who has been charged with two counts of driving while intoxicated and two traffic violations, has made this application pursuant to CPL 710.20 (subds 1, 3) to suppress the result of his breath analysis upon the ground there was no probable cause to arrest him, and his admission upon the ground that it was obtained as the result of custodial interrogation without the required constitutional warnings.
The defendant’s motor vehicle exceeded the posted speed limit as detected by radar, and the motor vehicle was stopped by a police officer to issue the defendant an appearance ticket for speeding. The defendant’s glazed and bloodshot eyes and odor of alcohol alerted the officer as to the defendant’s possible intoxication, so he asked the defendant if he had been drinking and he replied that he had *902 drunk beer. The defendant was able to walk normally and to pass the “finger to nose” field test, but the officer nevertheless requested the defendant to submit to an alcosensor prescreening test and he complied. The prescreening test result indicated that the blood alcoholic content of the defendant was in excess of that legally permissible, and he was thereupon arrested for driving while intoxicated. A reading of the “commissioner’s” warnings and Miranda warnings was followed by a breathalyzer test and completion of an alcoholic influence report form.
The police officer has conceded that he based his conclusion that the defendant was intoxicated upon the defendant’s glazed and bloodshot eyes, his odor of alcohol, his admission, and the result of the prescreening test. Without the admission and the alco-sensor result there would probably have been an insufficient basis to arrest, and it is these two factors that the defendant attacks on legal grounds.
The defendant claims when the police officer stopped his motor vehicle for the purpose of issuing him an appearance ticket for speeding, he was in custody and the questions as to his prior drinking of alcoholic beverages should have been preceded by the constitutional warnings in order to validate his subsequent admission. The People argue that a stop of this nature does not constitute custody so that the defendant’s admission without the Miranda warnings is valid.
The law in this State is in accord with the People’s position.
A uniform traffic ticket is merely a notice to a person to appear in a given court on a given day to be then charged with a specific crime (People v Scott, 3 NY2d 148). A traffic ticket notifies the party served therewith, in effect, that the officer signing the ticket intends to submit a complaint to a court at a certain time and place and that if the party served does not appear then and there, the court will be requested to issue a warrant for his arrest (People v Preble, 39 Misc 2d 411). The delivery of a traffic ticket to a motorist is not an arrest (Matter of Coville v Bennett, 57 Misc 2d 838).
*903 Although it is clear that the. issuance of a traffic summons is not an arrest (see People v Hale, 75 AD2d 606), there is amazingly very little case law in this exact area. In People v Letterio (16 NY2d 307, cert den 384 US 911) the Court of Appeals held that there is no constitutional requirement that a defendant charged with a traffic infraction be appraised of his right to counsel and to an assignment of counsel. Without relying upon People v Letterio {supra, cited in 3 Zett, NY Crim Prac, par 20.5 [4] for proposition that in this jurisdiction Miranda warnings are not required in connection with ordinary traffic detentions), two courts have determined that Miranda warnings are not required at the scene of a possible traffic violation because an investigation had just begun and the defendant was not in custody (People v LaPlante, 81 Misc 2d 34; People v Alexander, 57 Misc 2d 462).
The facts in People v Alexander {supra) are very similar to the facts in this case. There a trooper came upon an accident, noticed the defendant in a disheveled condition, inquired as to what happened and received a reply from the defendant that he had been drinking. It was held that this was not a custodial stage but merely an investigatory stage of the proceeding not requiring the Miranda warnings even though the defendant could not have left the scene of the accident. Here the police officer stopped the defendant for speeding, observed the defendant’s glazed and bloodshot eyes and smelled the odor of alcohol, inquired of the defendant if he had been drinking, and received a reply that he had. This was likewise an investigatory and not a custodial situation even though the defendant could not have left the scene until the traffic ticket was handed to him.
Thus, the statement of the defendant that he had been drinking will be admissible upon the trial of this action.
The prescreening test to which the defendant voluntarily submitted was conducted pursuant to the authority of section 1193-a of the Vehicle and Traffic Law which requires any operator of a motor vehicle who has been involved in an accident or committed any traffic infraction to submit to a breath test at the request of a police officer and imposes criminal penalties for noncompliance. This *904 statute has been found unconstitutional per se (People v Hamza, 109 Misc 2d 1055; People v Delaney, 83 Misc 2d 576), and unconstitutional as applied (People v Hamza, supra; People v Graser, 90 Misc 2d 219), as violative of the Fifth Amendment prohibiting self incrimination. Apparently, the imposition of a criminal sanction separates the unconstitutionality of section 1193-a of the Vehicle and Traffic Law from the constitutionality of section 1194 of the Vehicle and Traffic Law authorizing a chemical test for intoxication (Matter of Maxwell v Commissioner of Motor Vehicles of State of N. Y., 109 Misc 2d 62).
However, the constitutionality of section 1193-a of the Vehicle and Traffic Law is not an issue in .this case and need not be decided (People v Carcel, 3 NY2d 327), because the defendant has not been charged with a violation of that section, since he did, in fact, voluntarily submit to this test.
The defendant claims the police lacked probable cause to request the defendant to take the alco-sensor test because the police officer’s observations of the defendant were insufficient; the People argue otherwise. The extraction of breath from a defendant has been equated with a search and seizure (People v Kates, 77 AD2d 417; People v Graser, supra), and probable cause to arrest is the same as probable cause to search (Draper v United States, 358 US 307 — probable cause to arrest — relied upon in Spinelli v United States, 393 US 410 — probable cause to search). Adding the statement of the defendant, which has previously been ruled admissible, to the observations of the police officer, there is still the complex problem of the officer himself believing he did not have probable cause to arrest until the defendant failed the prescreening test.
This court, of course, is not bound by the subjective belief of the police officer as to what constitutes probable cause (Gerstein v Pugh, 420 US 103), but there is a simpler avenue to resolve this question.
There was here a seizure of the defendant’s breath (People v Kates, supra; People v Graser, supra), and the defendant by submitting voluntarily to the test consented to such search (People v Ward, 307 NY 73). If The defendant had the right to refuse, because the statute be unconstitu *905 tional, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing consent (,Schneckloth v Bustamonte, 412 US 218; People v Kuhn, 33 NY2d 203). There is no claim that the defendant was coerced into giving his consent by a threat that his failure to submit could result in a criminal penalty {Jones v Unknown Agents of Fed. Election Comm., 613 F2d 864). This was no sham arrest for speeding to enable the officer to seize the defendant’s breath for evidence of driving while intoxicated (United States v Miller, 589 F2d 1117, cert den 440 US 958).
Thus, the defendant’s consent was voluntary and the prescreening test was validly conducted.
The police officer’s observations of the defendant, the defendant’s admission and the defendant’s failure of the aleo-sensor test, in conjunction, provided sufficient probable cause for the arrest of the defendant on the charge of driving while intoxicated (Matter of Van Tassell v New York State Comr. of Motor Vehicles, 46 AD2d 984; Matter of Williams v Tofany, 46 AD2d 708), so the result of the breathalyzer test administered to the defendant will be admitted at trial.