THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIAM C. BALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered April 22, 1987, convicting him of operating a motor vehicle while under the influence of alcohol as a felony, and aggravated unlicensed operation of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

Officer Slater was completing paper work at police headquarters when he was informed by Officer Mott, who was on a meal break, that a male had approached him on Main Street and asked for the location of the nearest Western Union office. Mott advised Slater that the male appeared to be extremely intoxicated and may be driving a 1977 white Plymouth. Mott further informed Slater that the male was with a female and located around the corner from police headquarters. Upon receiving this information, Officer Slater got into his patrol car and turned the corner onto Main Street, where he observed the defendant and a female sitting on a bench located beside a 1977 white Plymouth; they were kissing. Slater drove past the couple and continued his routine patrol. Approximately 2 or 3 minutes later, Slater returned to the intersection of Main Street and The Circle for the purpose of keeping the Plymouth and couple under observation. At the intersection, he observed the defendant, who was now driving the Plymouth, make a U-turn about 40 feet in front of him. Prior to stopping the vehicle, also occupied by the female, Officer Slater followed the Plymouth for approximately one tenth to two tenths of a mile, during which time he observed the vehicle straddling a broken white line demarking the lanes of the roadway.

The initial stop of the vehicle driven by the defendant was proper. The reliability of the information conveyed by a fellow officer may be assumed by the arresting officer in the field (see, People v Lypka, 36 NY2d 210; People v Reddick, 107 AD2d 721, affd 65 NY2d 835). A review of the instant record warrants a finding that Officer Slater had a reasonable suspicion that the defendant was operating a motor vehicle under the influence of alcohol, in violation of Vehicle and Traffic Law § 1192, based upon the information furnished by Officer Mott and Officer Slater's independent observations of the manner in which the Plymouth was being operated by the male driver. After lawfully stopping the vehicle, Officer Slater

had probable cause to arrest the defendant for driving while intoxicated based upon his physical appearance (bloodshot eyes, alcoholic breath and staggering gait), the defendant's admissions that he had been drinking and the fact he failed a roadside alert test *(see, Matter of Smith v Commissioner of Motor Vehicles,* 103 AD2d 865; *People v McMillan,* 112 Misc 2d 901). Consequently, the court properly denied that branch of the defendant's omnibus motion which was to suppress evidence on the ground that the arrest was illegal. Nor were the statements made by the defendant violative of his *Miranda* rights, because they were made when he was not yet in custody.

We have reviewed the defendant's other contention and find it to be without merit. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.