■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF SCHEFF, Also Known as OLAN S. SCHEFF, Appellant.— Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 14, 1989, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation in the first degree.

On June 27, 1988, at approximately 9:00 P.M., State Police Investigator Matthew Probst observed defendant standing next to his vehicle which was stopped on the shoulder of the Exit 13(S) entrance ramp to the Northway. Defendant was reaching inside his vehicle's door. Concluding that the situation warranted further observation, Probst stopped his concealed identity vehicle on the side of the Northway until defendant had passed him and then followed defendant south along the highway. Probst observed defendant swerving into and out of his travel lane and having difficulty maintaining his position on the highway.

Between Exits 7 and 8, Probst observed a marked State Trooper vehicle on the side of the road. He stopped, identified himself, summarized his observation and asked for assistance. Probst arranged with Trooper William Lovely that once he caught up with and identified defendant's vehicle, he would signal Lovely to follow and pull defendant over. This was necessary because Probst's special undercover vehicle had neither a radio nor special police lights. After Probst's signal, Lovely pulled in behind defendant, following him for over a half mile and observed defendant weave within his lane. Lovely then stopped defendant, with Probst assisting, and ultimately arrested defendant for driving while intoxicated. Thereafter, in a four-count indictment, defendant was charged with driving while intoxicated (two counts), aggravated unlicensed operation in the first degree and criminal possession of a hypodermic instrument. After a suppression hearing and County Court's determination that the police had probable cause to stop defendant's vehicle, defendant pleaded guilty to two counts of the indictment. Defendant now appeals, contending that the police lacked probable cause or reasonable suspicion to validly stop his vehicle.

Defendant's argument is without basis. Specific and articulable facts proven by two State Troopers in separate vehicles who testified at the suppression hearing clearly established a reasonable basis for the stop (see, People v Osborne, 158 AD2d 740, lv denied 75 NY2d 968). Defendant's erratic movements on the roadway reasonably provoked suspicion that the driver

was intoxicated *(see, People v Sauger,* 58 AD2d 919). Moreover, Lovely, the arresting officer, was entitled to assume the reliability of the information conveyed by a fellow officer *(see, People v Ball,* 141 AD2d 743, *lv denied* 72 NY2d 954).

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.